IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE STAPLEY | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:08CV340HSO-JMR |
| | § | |
| MISSISSIPPI ATTORNEY | § | DEFENDANTS |
| GENERAL, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTIONS
OF DEFENDANT MISSISSIPPI ATTORNEY GENERAL TO DISMISS**

BEFORE THIS COURT is the Motion of the Defendant, Mississippi Attorney General [hereinafter referred to as "Attorney General"], to Dismiss [21-1], filed on March 6, 2009, pursuant to FED. R. CIV. P. 12(b)(5). Plaintiff, who is proceeding *pro se*, filed a Response on March 9, 2009 [24-1]. In addition, on March 31, 2009, the Attorney General filed a Motion to Dismiss pursuant to FED. R. CIV. P. 4(m). The Plaintiff has not responded to the latter motion. Having considered the Motions, Plaintiff's Response, the pleadings, and the relevant legal authorities, the Court is of the opinion that Defendant's Motions should be granted.

**I. FACTS AND PROCEDURAL HISTORY**

On August 4, 2008, Plaintiff George Stapley ["Plaintiff"] filed a Complaint against Haley Barbour, Mississippi Attorney General, and the Mississippi State Bar [1-1]. Thereafter on October 21, 2008, Plaintiff filed an Amended Complaint naming those same Defendants and adding LaQuetta Golden and Trustmark National Bank as Defendants [2-1].

On March 4, 2009, Summons was first issued for the Attorney General [20-1].

The Attorney General filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(5) on March 6, 2009. In addition to his Response to this Motion, Plaintiff filed an Affidavit for service of summons with the Court on March 9, 2009 [23-1]. The Affidavit, which attached the United States mailing receipt, signed by Danny Redd on March 5, 2009, represented that Plaintiff misplaced the Summons issued to the Attorney General.

On March 10, 2009, Plaintiff reissued Summons for the Attorney General and directed it to the care of Mike Lanford [26-1]. On March 13, 2009, Plaintiff filed another Affidavit of service informing the Court that he had received the United States mailing receipt from the Hinds County Sheriff's Department, and was awaiting that Department to serve process on the Attorney General [30-1]. On March 13, 2009, Plaintiff filed proof of service on the Attorney General [32-1].

The Attorney General then filed a second Motion to Dismiss, this time pursuant to FED. R. CIV. P. 4(m), on March 31, 2009 [39-1]. To date, Plaintiff has not filed a Response to this Motion.

## II. DISCUSSION

A.  Rule 12(b)(5) Motion to Dismiss

The Attorney General moves to dismiss pursuant to Rule 12(b)(5), contending that Plaintiff failed to effectuate proper service of his Amended Complaint, on grounds that service of process did not conform with the requirements of FED. R. CIV. P. 4(j)(2). Plaintiff's Response concedes this procedural default:

Plaintiff did not understand the rules of procedure of serving a summons.

2

> Plaintiff will be issuing another summons upon the Attorney General as soon as the Plaintiff can find the proper way to serve the summons for the Mississippi Attorney General.

Pl.'s Resp. to Mtn. to Dismiss at p. 1.

After review of the record and pleadings filed in connection with their Motion to Dismiss, the Court finds that it should be granted.[1]

B.  <u>Rule 4(m) Motion to Dismiss</u>

FED. R. CIV. P. 4(m) permits 120 days for service of a complaint and summons. That period expired in this case on or about February 21, 2009. Rule 4(m) provides in part that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). In order to establish good cause Plaintiff "must show more than inadvertence, mistake or ignorance of the rules." *System Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see also Tate v. Waller*, 2007 WL 2688532, *4 (S.D. Miss. 2007).

> A *pro se* litigant assumes a responsibility to learn and follow the applicable rules of procedure. A showing of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'

*Reed v. Eaton Aerospace,* 2006 WL 82343, 1 (S.D. Miss. 2006)(*quoting Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

While Plaintiff has made a discernible effort to effect service of process, it was

---

[1] On February 2, 2009, Barbour filed an identical Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(5) [13-1], which was granted by Order of this Court entered on February 27, 2009 [18-1].

3

nevertheless clearly improper and the Court finds that Plaintiff has not demonstrated good cause for the failure to effect proper service in accordance with FED. R. CIV. P. 4(j)(2) or 4(m).

### III. CONCLUSION

Based on the pleadings, the record, and the relevant law, the Court finds that the Attorney General's Motions to Dismiss filed pursuant to FED. R. CIV. P. 12(b)(5) and FED. R. CIV. P. 4(m), respectively, are well taken and should be granted. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(5) filed on March 9, 2009 [21-1], should be and is hereby **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 4(m) filed on March 31, 2009 [39-1], should be and is hereby **GRANTED,** and the above cause is dismissed without prejudice as to the Mississippi Attorney General.

**SO ORDERED AND ADJUDGED**, this the 28th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE