IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| GEORGE STAPLEY | § | PLAINTIFF |
|---|---|---|
| | § | |
| v. | § | Civil Action No. 1:08CV340HSO-JMR |
| | § | |
| MISSISSIPPI ATTORNEY | § | DEFENDANTS |
| GENERAL, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION
## OF DEFENDANT TRUSTMARK NATIONAL BANK TO DISMISS

BEFORE THIS COURT is the Motion of the Defendant, Trustmark National Bank [hereinafter referred to as "Trustmark"], to Dismiss [27-1], filed on March 12, 2009, pursuant to FED. R. CIV. P. 12(b)(5) and FED. R. CIV. P. 4(m).  Plaintiff, who is proceeding *pro se*, filed a Response on March 17, 2009 [33-1].  Having considered the Motion, Plaintiff's Response, the pleadings on file, and the relevant legal authorities, the Court is of the opinion that Defendant's Motion to Dismiss should be granted.

### I. FACTS AND PROCEDURAL HISTORY

On August 4, 2008, Plaintiff George Stapley ["Plaintiff"] filed a Complaint against Haley Barbour, Mississippi Attorney General, and the Mississippi State Bar [1-1].  Thereafter on October 21, 2008, Plaintiff filed an Amended Complaint naming those same Defendants and adding LaQuetta Golden and Trustmark National Bank as Defendants [2-1].

On March 4, 2009, Summons was issued for Trustmark [20-1].  Trustmark filed its Motion to Dismiss on March 12, 2009 [27-1].  Plaintiff filed proof of service

of summons on Trustmark with the Court on March 13, 2009 [31-1], attaching the certified mailing receipt signed by Clayton McGee on March 10, 2009. On March 17, 2009, Plaintiff then filed a Response in opposition to Trustmark's Motion to Dismiss [33-1].

## II. DISCUSSION

A.   Rule 12(b)(5) Motion to Dismiss

Trustmark moves to dismiss pursuant to Rule 12(b)(5), contending that Plaintiff failed to effectuate proper service of his Amended Complaint. Specifically, Trustmark submits that service of process was not in conformity with the requirements of FED. R. CIV. P. 4(d) because Plaintiff's mailing did not contain a waiver of process form and prepaid means for returning same. Trustmark maintains that "at no time prior to March 10, 2009, had the Plaintiff submitted a request that Trustmark waive service of a summons as provided by Rule 4(d)(1)." Trustmark's Mem. Br. in Support of Mtn. to Dismiss at p. 2. Finally, Trustmark argues that Plaintiff's attempted service by certified mail violated the provisions of Mississippi Rule of Civil Procedure 4(c)(5), inasmuch as Trustmark is not located outside the State of Mississippi. *Id.*

The Court has reviewed the record and concludes that Plaintiff has not properly served Trustmark and has not shown good cause for failure to effect proper service in accordance with the Rules.

B.   Rule 4(m) Motion to Dismiss

Alternatively, Trustmark asserts that service of process did not comply with

FED. R. CIV. P. 4(m) because Plaintiff's attempt to serve Trustmark by certified mail on March 10, 2009, occurred 140 days after the Amended Complaint was filed and was therefore outside the 120 day time requirement set forth in Rule 4(m). *Id.* at p. 3.

FED. R. CIV. P. 4(m) allows 120 days for service of a complaint and summons. That period expired in this case on or about February 21, 2009. Rule 4(m) provides in part that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). In order to establish good cause Plaintiff "must show more than inadvertence, mistake or ignorance of the rules." *System Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see also Tate v. Waller*, 2007 WL 2688532, *4 (S.D. Miss. 2007).

Plaintiff's Response states in part:

The Plaintiff is not educated to the knowledge of the Rules of Civil Procedure . . . Plaintiff has no understanding of what the proper way to serve a summons upon a defendant or service of process upon a corporate defendant.

Pl.'s Resp. to Mtn. to Dismiss at p. 1 [33-1].

However, the law is well established that:

[a] *pro se* litigant assumes a responsibility to learn and follow the applicable rules of procedure. A showing of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'

*Reed v. Eaton Aerospace,* 2006 WL 82343, 1 (S.D. Miss. 2006)(*quoting Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Based on the pleadings and the record, the Court finds that Plaintiff has not complied with Rule 4(m), nor has he demonstrated good cause for his failure to effectuate proper service of process in accordance with the rules.

### III. CONCLUSION

The Court concludes that Trustmark's Motion to Dismiss, filed pursuant to FED. R. CIV. P. 12(b)(5) and FED. R. CIV. P. 4(m), is well taken and should be granted. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(5) and FED. R. CIV. P. 4(m) filed on March 13, 2009 [27-1], should be and is hereby **GRANTED,** and the above cause is dismissed without prejudice as to this Defendant.

**SO ORDERED AND ADJUDGED**, this the 28th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE