IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE STAPLEY | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:08CV340HSO-JMR |
| | § | |
| MISSISSIPPI ATTORNEY GENERAL, ET AL. | § | DEFENDANTS |
| | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION OF DEFENDANT MISSISSIPPI BAR TO DISMISS

BEFORE THIS COURT is the Motion of Defendant, Mississippi Bar, to Dismiss [36-1], filed on March 20, 2009, pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(3), 12(b)(5), and 12(b)(6). Plaintiff, who is proceeding *pro se*, filed a Response on March 26, 2009 [38-1]. On April 16, 2009, Defendant LaQuetta Golden filed a Joinder in the instant Motion [43-1]. Having considered the Motion, Plaintiff's Response, the record, the pleadings on file, and the relevant legal authorities, the Court is of the opinion that Defendant's Motion to Dismiss, and Golden's joinder therein, should be granted pursuant to Rule 12(b)(5).

### I. FACTS AND PROCEDURAL HISTORY

On August 4, 2008, Plaintiff George Stapley ["Plaintiff"] filed a Complaint against Haley Barbour, Mississippi Attorney General, and the Mississippi State Bar [hereinafter referred to as "Bar"][1-1]. Thereafter on October 21, 2008, Plaintiff filed an Amended Complaint naming those same Defendants and adding LaQuetta Golden and Trustmark National Bank as Defendants [2-1].

On March 4, 2009, Summons was issued for the Bar [20-1]. Plaintiff filed an

Affidavit for service of summons with the Court on March 10, 2009 [25-1], attaching the certified mailing receipt signed by Adam Kilgore on March 7, 2009. The Bar filed its Motion to Dismiss on March 12, 2009 [27-1]. On March 26, 2009, Plaintiff filed a Response in opposition to the Bar's Motion [38-1].

On October 21, 2008, Summons was issued for Defendant LaQuetta Golden ["Golden"] [3-1]. On October 23, 2008, the Clerk of Court docketed the Summons returned as to Golden and set an answer deadline for November 11, 2008 [4-1]. On November 12, 2009, Plaintiff moved for Default Judgment against Golden. On November 24, 2008, Plaintiff moved for a Clerk's Entry of Default [6-1]. A Clerk's Entry of Default was entered on November 24, 2008 [8-1]. Golden filed a Motion to Set Aside Clerk's Entry of Default on March 18, 2009 [34-1]. On April 16, 2009, Golden filed a Joinder in the Bar's Motion to Dismiss [43-1]. An Order granting Golden's Motion to Set Aside Clerk's Entry of Default was entered by this Court on August 20, 2009 [47-1].

## II. DISCUSSION

A.  Rule 12(b)(5) Motion to Dismiss

The Bar, joined by Golden, move to dismiss pursuant to Rule 12(b)(5), contending that Plaintiff failed to effectuate proper service of his Amended Complaint. Specifically, the Bar submits that service of process did not conform with the requirements of FED. R. CIV. P. 4 because "service by certified mail is insufficient. There is no provision in the Federal Rules of Civil Procedure for service by certified mail on an instate defendant." Bar's Mem. Br. in Support of

2

Mtn. to Dismiss at p. 2.

Alternatively, the Bar maintains that service of process did not comply with the requirements of FED. R. CIV. P. 4(m) because Plaintiff's attempt to serve the Bar by certified mail on March 7, 2009, occurred beyond the deadline for service of the Amended Complaint. Specifically, the Bar argues that service was not accomplished within the Rule 4(m) 120 day time requirement. *Id.*

FED. R. CIV. P. 4(m) permits 120 days for service of a complaint and summons. That period expired in this case on or about February 21, 2009. Rule 4(m) provides in part that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). In order to establish good cause Plaintiff "must show more than inadvertence, mistake or ignorance of the rules." *System Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see also Tate v. Waller*, 2007 WL 2688532, *4 (S.D. Miss. 2007).

Plaintiff's Response requests in part that:

summons be reissued and served upon all the Defendants prepared by the Court Clerk and under process of either the Sheriff or the U.S. Marshal at the expense of the State of Mississippi, to include costs of any and all appeals.

Pl.'s Resp. to Mtn. to Dismiss at p. 3 [38-1].

The law is well established that:

[a] *pro se* litigant assumes a responsibility to learn and follow the applicable rules of procedure. A showing of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules

3

usually does not suffice.'

*Reed v. Eaton Aerospace,* 2006 WL 82343, 1 (S.D. Miss. 2006)(*quoting Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

The Court has reviewed the record and once more concludes that while Plaintiff made an attempt to effect service of process, it was nevertheless improper as to the Bar and Golden, both of whom are instate Defendants. The Court further finds that Plaintiff has not shown good cause for failure to effect proper service on these Defendants in accordance with the Rules.

### III. CONCLUSION

Based on the pleadings and the record, the Court finds that Plaintiff has not demonstrated good cause for his failure to properly effectuate service of process. The Court concludes that the Bar's Motion to Dismiss filed pursuant to FED. R. CIV. P. 12(b)(5), and Golden's Joinder therein, are well taken and should be granted. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(5) filed on March 20, 2009 [36-1], and Golden's Joinder therein [43-1], should be and are hereby **GRANTED,** and the above cause is dismissed without prejudice as to both of these Defendants.

**SO ORDERED AND ADJUDGED**, this the 28th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE